# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES C. STUART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-1026-R |
| | ) | |
| DONALD STEER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action alleging violation of his constitutional rights and seeking relief under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On March 2, 2011, Judge Purcell issued a Report and Recommendation, wherein he recommended that the Defendants' motions to dismiss be granted, because Plaintiff had either failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) or to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection.

Plaintiff is an inmate at the Cimarron Correctional Facility, a private prison that houses Oklahoma inmates pursuant to a contract between its parent company, Corrections Corporation of America ("CCA"), and the Department of Corrections. Plaintiff alleges that on March 9 and 10, 2010, certain of his legal materials related to a different case against

employees of CCA were removed from his cell by Defendants Sebenick and Choate. He contends the removal of the materials was in retaliation for his pursuit of that litigation. In Count II, Plaintiff alleges that in violation of the First, Eighth, and Fourteenth Amendments, Defendants Morton, Taylor, Middleton, Sebenick and Choate, perverted and abused the Department of Corrections' grievance policies and procedures. In his third ground for relief, Plaintiff alleges that Defendants Dorame, Munday and Steer used excessive force against him on July 20, 2010 and that the force was in retaliation for his litigation efforts. He also alleges in Count III that he was subjected to retaliation on August 6, 2010, when Defendant Munday evicted Plaintiff from the chow hall.

Judge Purcell recommended that Count I be dismissed without prejudice because Plaintiff had failed to establish that he exhausted his administrative remedies as required by the Prison Litigation Reform Act. Plaintiff contends that he exhausted, to the extent possible, by filing six timely Requests to Staff, which went unanswered. On May 12 2010, Plaintiff filed a seventh Request to Staff seeking the return of the items confiscated from his cell during the March 2010 search. The request to staff stated:

> Please return my legal files confiscated/removed by you and case/unit Manager on 3-9-10 and 3-10-10. They are Supreme Court case #108,034 and Court of Criminal Appeals Case # PC 2009-1063. These we (sic) never returned. You have refused to answer any of the [Requests to Staff] I sent you. Thank you.

Request to Staff May 12, 2010. That request was responded to and Plaintiff pursued the Department of Corrections' grievance process, but was denied redress in part because his

grievance was out of time from the date of the alleged incident.[1]  Although Plaintiff argues that he exhausted all "available" remedies with regard to Count I, his focus is on the ways he attempted to pursue his grievance rather than the substance of what he attempted to grieve.

As quoted above, Plaintiff grieved the confiscation of legal materials.  Count I, however, is not a due process seizure claim or an access to the Court's claim.  Rather, Plaintiff is seeking relief under a theory of retaliation.  For purposes of § 1997e(a) exhaustion, an inmate's grievance must, at a minimum, present the facts and nature of the wrong for which redress is sought.  *See Griffin v. Samu*, No. 02-1185, 2003 WL 1194206, at *1 (10th Cir. Mar.17, 2003).  In this case, Plaintiff never alleges, and certainly the documents submitted do not support a finding that he grieved a retaliation claim.  In *Griffin*, the plaintiff inmate asserted a First Amendment claim based on a disciplinary action, which he contended was brought in retaliation for his initiation of a civil suit.  The Tenth Circuit affirmed dismissal of his First Amendment claim for failure to exhaust, finding that "while Mr. Griffin did challenge the validity of the disciplinary action through the prison appeal system, even under the most expansive of readings these appeals did not allege his conviction and punishment were in retaliation for exercising his First Amendment rights. The appeals primarily asserted the lack of substantial evidence to establish his guilt." *Griffin*, 2003 WL 1194206, at *1.  Because Plaintiff has not alleged that he sought administrative relief for the

---

[1] Plaintiff makes much ado about the failure of Defendants to produce the CCA grievance policy, although he makes no contention that he attempted to grieve utilizing the private prison's grievance procedure. Additionally, the Court has reviewed the policy, available in other cases filed in this Court, and it contains a similar three-step grievance process to that of the Department of Corrections.

retaliation claim set forth in his first claim for relief, the Court finds that Plaintiff has failed to establish that he exhausted his administrative remedies as required by the PLRA with regard to Count 1.

In Count II Plaintiff alleges that Defendants Morton, Taylor, Middleton, Sebenick and Choate violated his First, Eighth and Fourteenth Amendment rights by failing to respond to his grievances and appeals and by failing to give him an opportunity to correct procedural deficiencies. Judge Purcell again recommended dismissal for failure to exhaust. Plaintiff does not allege that he filed any requests to staff addressing the issue of interference with his First Amendment rights in their failure to respond to his requests to staff, and Plaintiff did not follow the appropriate procedure set forth in Department of Corrections' policy regarding the actions to be taken by an inmate when a request to staff goes unanswered. Department of Corrections policy directs an inmate to file a grievance after a request to staff goes unanswered for 30 days, grieving the lack of a response to the request to staff, rather than the substance of the underlying request to staff.

Additionally, an inmate has no state-created right to a grievance response under Oklahoma law. Oklahoma Department of Corrections's regulations provide that inmate "grievances must be responded to by prison officials within a particular period of time, but also contemplate that there may be circumstances in which that requirement is not complied with; in such circumstances, the inmate is permitted to continue the grievance procedure notwithstanding the lack of a timely response by prison officials. Oklahoma DOC Policy OP-090124. Because the failure of CCA personnel to respond to Plaintiff's request to staff

4

grievances did not deprive him of any rights, including the right to continue pursuing the grievance process, he fails to state a constitutional claim in this regard. *See Blevins v. Zavaras*, 2010 WL 3190617, *3 (D.Colo. 2010). Accordingly, Count II is hereby dismissed for failure to state a claim.

In Count III, a claim asserted against Defendants Dorame, Munday and Steer, Plaintiff alleges that he was subjected to excessive force at the hands of Defendants Dorame, Munday and Steer on July 20, 2010. Specifically he alleges that on that day he was attempting to enter the chow hall when Defendant Dorame intentionally broke his glasses, while shouting "sue me, sue me." In his grievance Plaintiff alleged that he was pushed and grabbed. He further alleges the force used against him was in retaliation for Plaintiff's previously filed lawsuits against prison officials. As a result, he contends the Defendants also violated his First Amendment rights. Although Defendants argued that Plaintiff failed to properly exhaust his administrative remedies with regard to this claim, Judge Purcell concluded that Plaintiff had sufficiently alleged interference with Plaintiff's attempt to exhaust his remedies by refusing to accept a grievance out of time.[2] Judge Purcell concluded, however, that Plaintiff had failed to allege sufficient facts to state an excessive force claim and therefore recommended dismissal of the claim.

"Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that

---

[2] Plaintiff first sought relief by filing an emergency grievance. When the warden denied the grievance as not an emergency, he failed to inform Plaintiff that he could utilize the regular grievance procedure. Plaintiff appealed the denial of his emergency grievance to Defendant Morton who informed him he could use the regular grievance process. The assistant warden denied Plaintiff's request for leave to file a grievance out of time.

5

asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir.2003) (internal quotation marks and brackets omitted). "The subjective element of an excessive force claim turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (internal quotation marks omitted).

Plaintiff alleges that on July 20, 2010, although there was no reason for the use of any force, Defendants Dorame and Munday used unnecessary force against him and broke his glasses. From the Court's perspective, these allegations are not sufficient to satisfy the subjective prong of an excessive force claim, because Plaintiff has made only a conclusory allegation that unnecessary and excessive force was used against him, without describing the alleged force. Regardless, even if Plaintiff has alleged facts to satisfy the subjective prong, he has not alleged sufficient facts to show wrongdoing that was "objectively harmful enough to establish a constitutional violation." *Smith*, 339 F.3d at 1212. "An action by a prison guard may be malevolent yet not amount to cruel and unusual punishment." *Marshall v. Milyard*, 2011 WL 285563 (10th Cir. Jan. 31, 2011). Here, Plaintiff's allegations are too vague to permit the Court to determine that the force allegedly used was more than *de minimis* or that it was repugnant to the conscience of mankind, and thus sufficient to support

an excessive force claim.[3] Accordingly, the Court concurs with Judge Purcell's conclusion that Plaintiff's Ground III should be dismissed for failure to state a claim.

Plaintiff also asserts a claim of retaliation with regard to the use of force against him on July 10, 2010. Judge Purcell recommended that the claim be dismissed pursuant to Rule 12(b)(6). With regard to this claim, the Court disagrees with Judge Purcell's recommendation.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his rights to access the courts." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.1990). "This principle applies even where the action taken in retaliation would be otherwise permissible." *Id.* at 948. An inmate, however, is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140,1144 (10th Cir.1998). Therefore, to prevail on a claim of retaliation a plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers ... would not have taken place." Id. (quotations and citation omitted). "An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Id. (quotations and citation omitted) (emphasis in original).

Having reviewed Plaintiff's allegations, the Court concludes that Plaintiff has sufficiently stated a claim for retaliation to avoid dismissal under Rule 12(b)(6). Plaintiff

---

[3] In his grievance Plaintiff alleged he was "grabbed," "pushed," and "shoved," allegations that are more specific than those in his complaint but nevertheless vague.

identifies activity protected by the First Amendment, his litigation against CCA and prison officials. He also identifies allegedly retaliatory treatment, that Defendants Munday and Dorame pushed and shoved him and told him he could not eat in the chow hall, which was particularly significant for Plaintiff, because he had been given insulin and therefore it was necessary that he eat as soon as possible. Plaintiff also alleges that during his encounter with Defendants Dorame and Munday, that Defendant Choate watched and directed, and that Dorame was shouting "sue me, sue me," evidence of a retaliatory motive. The Court concludes at this time that Plaintiff has alleged sufficient facts to state a claim for retaliation with regard to the July 20, 2010 incident at the chow hall. Accordingly, the Court declines to adopt the Report and Recommendation with regard to this portion of Plaintiff's third claim.

Plaintiff also alleges that on August 6, 2010, he again was denied entry to the chow hall by Defendant Munday following his insulin shot, and that as a result he ate in his cell and his dietary intake was insufficient to avoid a diabetic reaction. Plaintiff alleges these actions were taken in retaliation for his prior lawsuit and grievances. Judge Purcell recommended this claim be dismissed without prejudice because Plaintiff had failed to exhaust his administrative remedies. Plaintiff alleges that he submitted a request to staff to Don Steers on August 7, 2010, and that Defendant Steers did not respond to the request to staff.

As set forth above, there are provisions in the grievance policy for proceeding when a request to staff is not returned to the inmate in a timely manner. By August 2010, Plaintiff was well aware that he would need to maintain evidence that he submitted a timely request

8

to staff, however, he apparently chose not to follow that procedure. He does not allege that he attempted to successfully complete the grievance process with regard to the August 6, 2010 incident, and thus, dismissal without prejudice as recommended by Judge Purcell is appropriate.

Plaintiff attaches proposed amendments to this complaint, although he never specifically seeks leave to amend. Nevertheless, the Court assumes that is his goal in attaching the proposals. With regards to Counts I and II, the Court finds nothing in the proposed amendments that would alter the outcome of the instant motion, and amendment of those claims is therefore denied. With regard to Count III, Plaintiff seeks to add claims of negligent supervision and negligent response by the supervisory Defendants. Plaintiff has not alleged a policy or custom or sufficient personal participation by such persons so as to add additional Defendants to Count III of the complaint. It also appears to the Court that Plaintiff wishes to add a claim for the alleged violation of his eighth amendment rights because he was not permitted to enter the chow hall to eat on July 20, 2010, which he alleged resulted in a severe diabetic reaction. Review of the grievances filed by Plaintiff reveals that although he grieved the alleged excessive force, he did not make complaints sufficient to give notice to Defendants of a claim of deliberate indifference to a serious medical need or cruel and unusual punishment based on the failure to permit him access to the chow hall on that day. As such, amendment to include such a claim would be futile as well.

For the reasons set forth herein, Plaintiff's claims in Count I are dismissed without prejudice. His claims in Count II are dismissed for failure to state a claim. His excessive

force claim is dismissed for failing to state a claim and the August 6, 2010 incident was not exhausted and is therefore dismissed. Plaintiff's sole remaining claim is directed to Defendants Munday, Dorame and Choate, for their alleged violation of the First Amendment by allegedly retaliating against him on July 20, 2010. The Court hereby adopts the Report and Recommendation to the extent it is consistent with this Order and this matter is remanded to Judge Purcell for additional proceedings.

    IT IS SO ORDERED this 22nd day of June 2011.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE