IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES C. STUART,                )
                                )
        Plaintiff,               )
                                )
                                )    CIV-10-1026-R
v.                              )
                                )
DONALD STEER, et al.,            )
                                )
        Defendants.              )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner[1] appearing *pro se,* filed this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint, Plaintiff named eight correctional officials as Defendants and alleged multiple constitutional deprivations related to his confinement in the custody of the Oklahoma Department of Corrections. The matter was referred by United States District Judge Russell to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). As directed by the Court, Defendants filed a special report consistent with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). (Doc. # 20). Defendants also moved to dismiss Plaintiff's cause of action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and for failure to exhaust administrative remedies

---

[1] Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections serving a sentence of life imprisonment without parole.

1

as required by 42 U.S.C. § 1997e(a). (Docs. # 21, 24). In a Report and Recommendation entered March 2, 2011, the undersigned recommended that the motions be granted and that the cause of action be dismissed. (Doc. # 33).

Plaintiff objected to the Report and Recommendation (Doc. # 39), and in an Order entered June 22, 2011, Judge Russell dismissed Plaintiff's claims in Count I without prejudice because Plaintiff failed to demonstrate his exhausted of available administrative remedies. Judge Russell dismissed Plaintiff's claims in Count II for failure to state a claim upon which relief may be granted. Judge Russell dismissed Plaintiff's claim in Count III of excessive use of force because Plaintiff failed to state a claim upon which relief may be granted. As to Plaintiff's claims of unconstitutional retaliation in Count III, Judge Russell found that Plaintiff had sufficiently stated a claim of unconstitutional retaliation against Defendants Dorame, Munday, Steer, and Choate "with regard to the July 20, 2010 incident at the chow hall." Order (Doc. # 41). Judge Russell declined to adopt the Report and Recommendation with respect to this portion of Plaintiff's Count III. As to Plaintiff's claim of unconstitutional retaliation in Count III with regard to an incident on August 6, 2010, Judge Russell dismissed this claim because Plaintiff failed to demonstrate he exhausted administrative remedies concerning the claim.

Defendants Dorame, Munday, Steer, and Choate[2] have now filed a Motion for

---

[2]It is assumed that only the remaining Defendants Dorame, Munday, Steer, and Choate have joined in the Motion.

Summary Judgment directed to Plaintiff's remaining retaliation claim alleged in Count III of his Complaint, and Plaintiff has responded to the dispositive Motion. The matter has been referred again to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that Defendants' Motion be granted.

I. Standard of Review

Summary judgment may be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Burke v. Utah Transit Auth. & Local, 462 F.3d 1253, 1258 (10th Cir. 2006)(quotation omitted), cert. denied, 550 U.S. 933 (2007). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. "At the summary judgment stage, a complainant cannot rest on mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Burke, 462 U.S. at 1258 (internal quotation marks and citations omitted).[3] "Where the record taken as a whole could not lead

---

[3]In a prisoner civil rights case such as this one, the plaintiff's complaint is treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).

3

a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quotations omitted).

II. Plaintiff's Remaining Retaliation Claim

In Count III of his verified Complaint, Plaintiff alleges that Defendants Dorame, Munday, Steer, and Choate subjected him to unconstitutional retaliation on July 20, 2010 in violation of the First Amendment. Plaintiff alleges that on that date Defendants Dorame and Munday "were conducting entrance searches" in the Cimarron Correctional Facility ("CCF") dining hall. Complaint, at 5. Plaintiff alleges that when he attempted to enter the dining hall at about 4:45 p.m. Defendants Dorame and Munday "used unnecessary and excessive force against the Plaintiff," which he describes only as "putting hands on the Plaintiff." Complaint, at 6-7. Plaintiff also alleges that during this encounter Defendant Dorame "intentionally broke Plaintiff's glasses" and then shouted "Sue me, sue me." Id. Plaintiff contends that this statement was a "direct reference to the lawsuit which [he] ha[d] recently filed in the District Court of Payne County, now on appeal in the Court of Civil Appeals as Case No. 108,034." Id. Plaintiff alleges that "Chief of Security Steer watched this and laughed." Id. Plaintiff further alleges that Defendant Choate, Plaintiff's unit manager at that time, "direct[ed]" the incident "out of retaliation for [Plaintiff's] past and planned future lawsuits." Complaint, at 6.

III. Undisputed Facts

Although Plaintiff was informed, see Order (Doc. # 51), of the requirements of Fed.

4

R. Civ. P. 56 and LCvR 56.1 in responding to Defendants' dispositive motion, Plaintiff's responsive pleading does not comply with the requirements of these procedural rules in that Plaintiff has not set out a concise statement of material facts to which Plaintiff asserts a genuine dispute exists. Therefore, Defendants' Statement of Uncontroverted Facts set forth in their Motion for Summary Judgment is deemed undisputed. These undisputed facts are as follows:

1. Plaintiff is an inmate confined in the custody of the Oklahoma Department of Corrections.

2. On November 2, 2009, Plaintiff filed a civil action in the District Court of Payne County, Oklahoma, Case No. CJ-2009-550.

3. In that action, Plaintiff named as Defendants three officials employed by CCF: Ms. Huckabay, Mr. Middleton, and Mr. Taylor.

4. In Plaintiff's Payne County lawsuit, Plaintiff asserted that CCF's administration failed to have him transported to Cherokee County, Oklahoma, for a hearing.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his [constitutional rights.]" Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even when the action taken in retaliation would be otherwise permissible." Id. at 948. In order to demonstrate actionable retaliation, however, the plaintiff must provide evidence of a "chronology of events" supporting an inference of retaliation. Id. at 949. Accordingly, "[t]o establish a First Amendment retaliation claim, a plaintiff must show that (1) he was engaged in constitutionally protected activity, (2) the government's

5

actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to his constitutionally protected conduct." Nielander v. Bd. of County Comm'rs, 582 F.3d 1155, 1165 (10th Cir. 2009).

There is no dispute that Plaintiff's lawsuit in Payne County was filed over eight months before the alleged incident in the CCF dining hall which forms the basis for Plaintiff's retaliation claim. Moreover, none of the Defendants who allegedly retaliated against Plaintiff were involved in the Payne County lawsuit filed by Plaintiff in November 2009. Even assuming that Defendants Dorame, Munday, Steer, and Choate bore some animosity toward Plaintiff[4] at the time of the alleged encounter on July 20, 2010, the alleged retaliatory actions by Defendants were not "in close temporal proximity to the protected activity." See Gee v. Pacheco, 627 F.3d 1178, 1189 (10th Cir. 2010)(allegation that inmate's transfer was in close temporal proximity to protected activity, that defendants were aware of the protected activity, and that his protected activity complained of defendants' actions was sufficient to state a claim of action "substantially motivated as a response to his exercise of constitutionally protected conduct")(internal brackets omitted).

In a recent unpublished decision, the Tenth Circuit Court of Appeals addressed the

---

[4]Plaintiff's pleadings indicate he maintains a general attitude of resistance to authority (for instance, Plaintiff alleges that CCF "staff members . . . have substantial motivation to fudge the truth in order to protect their jobs and avoid civil liability" and that the CCF Warden's grievance response was "a cursory summary of self-serving unsubstantiated claims").

6

unconstitutional retaliation claim of an Oklahoma inmate and found that "[a] six-month gap between the protected activity [the initial complaint [filed by the inmate]) and the alleged retaliation cannot, without more, establish causation." Miskovsky v. Jones, No. 10-6181, 2011 WL 3805610, * 4 (10th Cir. Aug. 30, 2011)(unpublished op.). Because Plaintiff cannot demonstrate an essential element of his claim of unconstitutional retaliation, Defendants are entitled to summary judgment. See Howards v. McLaughlin, 634 F.3d 1131, 1149 (10th Cir. 2011)(plaintiff "must offer evidence indicating a retaliatory motive on the part of the[ ] defendants in response to the exercise of his First Amendment rights" in order to survive summary judgment); Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)(holding plaintiff must prove that "but for" the retaliatory motive the alleged retaliatory action would not have taken place).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants Dorame, Munday, Steer, and Choate's Motion for Summary Judgment (Doc. # 49) be GRANTED and that judgment issue in favor of Defendants Dorame, Munday, Steer, and Choate and against the Plaintiff. Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ____October 18th____, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to

7

the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __28th__ day of __September__, 2011.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE