**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES C. STUART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-1026-R |
| ) | |
| DONALD STEER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff filed this action alleging violation of his constitutional rights and seeking relief under 42 U.S.C. § 1983. By order dated June 22, 2011, the Court dismissed Counts I and II of Plaintiff's complaint because he had failed to demonstrate that he had exhausted his available administrative remedies. The Court also dismissed the excessive force portion of Count III, finding that Plaintiff had failed to state a claim for relief. With regard to the portion of Count III that alleged retaliation, the Court concluded that Plaintiff had stated a claim and had exhausted his administrative remedies. As a result, the Court re-referred the matter to Magistrate Judge Gary M. Purcell for additional proceedings. On September 28, 2011, Judge Purcell issued a Report and Recommendation, wherein he recommended that the Defendants' motion for summary judgment be granted. The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection.

The Report and Recommendation recommends that summary judgment be granted in favor of the remaining Defendants, listed therein as Dorame, Munday, Steer and Choate. By prior order dated August 1, 2011, the Court clarified its June 22, 2011 Order, recognizing that Defendant Steer, not Defendant Choate, was allegedly involved in the July 20, 2010 retaliation against Plaintiff. Accordingly, the Court construes the instant motion as having been filed by the three remaining Defendants, Dorame, Munday and Steer.

As previously noted, Plaintiff is an inmate at the Cimarron Correctional Facility, a private prison that houses Oklahoma inmates pursuant to a contract between its parent company, Corrections Corporation of America ("CCA"), and the Department of Corrections. Following the Court's prior order, the sole remaining claim was one for retaliation, allegedly by Defendants Steer, Dorame and Munday on July 22, 2010, when Plaintiff entered the chow hall. Plaintiff, a diabetic who had recently taken insulin, asserts that after he failed to clear the metal detector in the chow hall, a daily occurrence due to metal implants, that he moved to the pat down section and waited to be searched. He contends he was ignored by Defendants Munday and Dorame, as supervised by Steer, and as a result, he attempted to proceed to the chow line, as necessitated by his intake of insulin, when he was aggressively stopped from proceeding by Defendants Munday and Dorame. Plaintiff contends their actions were motivated by their desire to retaliate against him for previous litigation he had filed against CCA staff members.

The Court notes that Defendants Steer and Munday filed affidavits in support of the motion for summary judgment wherein they aver that they were not aware that Plaintiff had

filed any litigation against officials of CCA. Although Plaintiff contends their averments are disingenuous, he presents no evidence to contradict their assertions that they were unaware of his prior litigation against other CCA employees. As noted by Judge Purcell's Report and Recommendation, Plaintiff presents no evidence of any nexus between Defendants Steer and Munday and Plaintiff's previous litigation other than timing, and the timing here is not so close so as to create the requisite nexus. Accordingly, Defendants Steer and Munday are entitled to summary judgment on Plaintiff's retaliation claim.

The same does not hold true for Defendant Dorame. Defendant Dorame did not submit an affidavit to the Court.[1] Accordingly, in the light most favorable to the Plaintiff, the non-movant, the record establishes that while he was forcibly removing Plaintiff from the chow hall, Defendant Dorame was yelling, "sue me, sue me." Plaintiff's complaint, which was verified under penalty of perjury, further alleges that within two weeks Defendant Munday once again kept him from the chow hall while yelling at him "Why don't you sue me, sue me, you're good at sueing (sic) people, sue me sue me!" The Court finds that this evidence is sufficient to create a genuine issue of material fact with regard to Defendant Dorame's knowledge of the lawsuit Plaintiff had previously filed against CCA officials and whether his actions toward Plaintiff on that date were in retaliation for the prior litigation,

---

[1] Defendant Steer indicates in his affidavit that Defendant Dorame is currently on active duty and will be gone for approximately six months. According to Plaintiff, Defendant Dorame was at the prison in July 2011, when Defendant Steer executed his affidavit, and thus could have completed an affidavit in support of the motion for himself. Regardless, he did not, and the Court cannot accept the representation of a co-defendant made on Defendant Dorame's behalf as a basis for granting summary judgment.

and that contrary to Judge Purcell's Report and Recommendation, Plaintiff is not relying solely on the timing of the event to support his retaliation claim.

For the reasons set forth herein, the Defendants' motion for summary judgment is granted with regard to Defendants Steer and Munday and denied with regard to Defendant Dorame. Accordingly, the Report and Recommendation is hereby adopted in part and rejected in part. Counsel for Defendant Dorame shall report to the Court within five days whether he seeks a stay of this action pending Defendant Dorame's return from active duty service.

IT IS SO ORDERED this 8th day of November 2011.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE